UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORWING JOSE O.T., | |
| Petitioner, | No. 1:26-cv-03524-TLN-AC |
| | A # 220-690-375 |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX, | **RELEASE ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Norwing Jose O.T.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondent filed a consolidated Answer to Habeas Petition, Opposition to Relief, and Motion to Dismiss.  (ECF No. 6.)  For the reasons set forth below, Petitioner's Habeas Petition is GRANTED.  (ECF No. 1.)  Respondent's Motion to Dismiss is DENIED.  (ECF No. 6.)

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on October 12, 2021.  (ECF No. 6 at 12.)  He was encountered by Border Patrol and taken into immigration custody for processing.  (*Id.* at 13.)  Upon claiming fear of persecution or torture if returned to his country of citizenship, Petitioner was processed for expedited removal and referred for credible fear proceedings.  (*Id.*)  On November 30, 2021, Petitioner was released from immigration custody on parole.  (*Id.* at 19.)

In the time that followed, Petitioner applied for asylum.  (*Id.* at 22.)  His asylum application remains pending.  (*Id.*)  Petitioner obtained work and provided for his wife and nine-year-old son.  (ECF No. 1 at 6.)

On February 22, 2026, Petitioner was arrested for misdemeanor trespassing by the Key West Police Department in Florida.  (ECF No. 6 at 28.)  This case is still pending.  (*Id.* at 23.)  Immigration and Customs Enforcement ("ICE") placed an immigration detainer on him.  (*Id.* at 22.)  The following day, Petitioner was transferred to ICE custody and issued a warrant pursuant to § 236 of the Immigration and Nationality Act ("INA"), which codifies the standard removal proceedings and discretionary detention of noncitizens under 8 U.S.C. § 1226(a),[2] as well as a Notice to Appear for removal proceedings under § 240 of the INA.  (*Id.* at 26, 30, 34.)

Petitioner was transferred to the South Florida Detention Facility (Alligator Alcatraz) and the Glades County Detention Center in Florida.  (*Id.* at 43; ECF No. 1 at 6.)  He filed a habeas petition claiming that his detention without a bond hearing violated the INA.  (ECF No. 6 at 43.)  On March 30, 2026, the Middle District of Florida denied Petitioner's petition, finding his detention without a bond hearing did not violate the INA.  (*Id.* at 43–47; ECF No. 1 at 6.)  Petitioner was subsequently transferred to Golden State Annex.  (ECF No. 1 at 6.)

On May 7, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (*Id.* at 1.)  Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (*Id.* at 16–17.)  Respondent filed a consolidated Answer to Habeas Petition and Opposition to Relief and Motion to Dismiss.  (ECF No. 6 at 1.)

---

[2]    The warrant also cites § 287 of the INA, which is codified at 8 U.S.C. § 1357 and defines the powers of immigration officers and employees.

## II.  MOTION TO DISMISS

As an initial matter, Respondent moves to dismiss the instant habeas petition as a successive petition to the habeas petition filed with the Middle District of Florida.  (ECF No. 6 at 7.)  Respondent cites the bar against successive petitions under 28 U.S.C. § 2244(a) and argues the instant petition should be dismissed with prejudice because "Petitioner presents similar kinds of issues that were conclusively decided in the previous habeas petition[.]"  (*Id.* at 8.)  While acknowledging that the instant petition includes a new constitutional claim, Respondent argues that claim lacks merit.  (*Id.* at 9.)

The Court disagrees with Respondent and denies the Motion to Dismiss for two reasons.  First, the Ninth Circuit has held that "§ 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee[.]"  *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000).  This is because "§ 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States*[,]'" and individuals like Petitioner who are in custody pending the outcome of their immigration proceedings are not detained "pursuant to a judgment of a court of the United States."  *Id.* (quoting 28 U.S.C. § 2244(a)) (emphasis in original).

Second, Petitioner's earlier petition only concerned his entitlement to a bond hearing under the INA and was decided on that statutory basis alone.  (ECF No. 6 at 43–46.)  As Respondent acknowledges, the instant petition raises a new constitutional claim.  (*Id.* at 9.)  Therefore, Respondent's statement that Petitioner here "presents similar kinds of issues that were conclusively decided in the previous habeas petition" is wrong and misleading.  (*Id.*)  The constitutionality of Petitioner's detention remains unresolved.

Accordingly, Respondent's Motion to Dismiss is DENIED.  (ECF No. 6.)

## III.  HABEAS PETITION

### A.  Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in

3

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

> B.    Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 16–17.)  In opposition, Respondent argues Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) and he is therefore not entitled to an individualized determination of dangerousness or flight risk pending removal proceedings.  (ECF No. 6 at 2–6.)  Respondent also argues Petitioner has not shown he requires a bond hearing under *Mathews v. Eldridge*, 424 U.S. 319 (1976).  (*Id.* at 6–7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

i.        *Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  The Government's decision to release Petitioner on parole was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  *Morrissey*, 408 U.S. at 482.  Respondent does not claim Petitioner violated the terms of his parole, nor does the record indicate that Petitioner was found to have violated parole or that his parole was rescinded.  Moreover, Petitioner has lived in the United States for approximately four and a half years, during which time he worked and provided for his family.  The time Petitioner spent released on parole creates a powerful interest for Petitioner in his continued liberty.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

Respondent does not specifically contest Petitioner's liberty interest but argues generally that Petitioner is properly detained without a bond hearing under the INA.  This argument does not disrupt the Court's finding because even if Respondent has statutory authority to re-detain Petitioner, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981.  On the facts presented in this case, Petitioner maintains a clear interest in his continued freedom protected by the Due Process Clause regardless of any statutory basis for his detention.

ii.        *Process Required*

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such

5

interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Respondent does not argue Petitioner is a danger to the public or a flight risk, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention to determine whether his detention was justified. He received neither. Petitioner's detention thus

violates the Fifth Amendment Due Process Clause.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.    Respondent must IMMEDIATELY RELEASE Petitioner Norwing Jose O.T. (A # 220-690-375) from custody under the same conditions he was released prior to his current detention.  At the time of release, Respondent must return all of Petitioner's documents and possessions.  **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.    Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.    Respondent's Motion to Dismiss is DENIED.  (ECF No. 6.)

4.    **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

5.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE